UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH LAMONTE HARDY, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RICHARD HOWELL, et al., ) <br> ) <br> Defendants. ) | 1:11-cv-1423-TWP-MJD |

**Entry Concerning Selected Matters**

**I.**

Kenneth Hardy seeks leave to file an amended complaint to include his civil rights claim against additional putative defendants.

Although leave to amend a pleading shall be freely given "when justice so requires," a district court should nevertheless deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. *See, e.g., Arlin–Golf, LLC v. Village of Arlington Heights,* 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.,* 600 F.3d 742, 747 n.5 (7th Cir. 2010). "To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs." *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991).

In this instance the putative new defendants are the Mayor of Muncie, the Chief of Police, and the City of Muncie. No viable claim against the putative new defendants is stated. Specifically, the Mayor of Muncie and the Chief of Police could

not be liable based on Hardy's allegations. "Because vicarious liability is inapplicable to . . . [42 U.S.C.] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Additionally, no viable claim against the City of Muncie is asserted because there is no *respondeat superior* liability in the circumstances Hardy alleges and because there is no allegation that the City of Muncie has a municipal policy or custom of violating the rights of arrestees. *Billings v. Madison Metro. Sch. Dist.,* 259 F.3d 807, 817 (7th Cir. 2001)("To establish that a municipality has violated an individual's civil rights under ' 1983, the plaintiff must show one of the following: (i) that the city had an express policy that, when enforced, causes a constitutional deprivation; (ii) that the city had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law; or (iii) that the plaintiff's constitutional injury was caused by a person with final policy-making authority.")(citing *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000)).

To the extent the amended complaint seeks to add a claim against defendant Richard Howell in his official capacity such claim is dismissed. This is because any claim for damages against the defendant individual in his official capacity is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). In this case, that entity is the City of Muncie. As explained above, no viable claim has

been alleged against the City. Likewise, no plausible claim against Officer Richard Howell in his official capacity is stated.

Accordingly, Hardy's motion for leave to file an amended complaint [Dkt. 31] is denied.

## II.

The claims against Officer Howell in his individual capacity remain for resolution.

**IT IS SO ORDERED.**

**Date:** 09/14/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Kenneth Lamonte Hardy, Sr.
#992868
Branchville Correctional Facility
Inmate Mail/Parcels
21390 Old State Rd. 37
Branchville, IN  47514

All electronically registered counsel